E-FILED
Friday, 29 May, 2009  02:44:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                      **Plaintiff,**       ) | |
| v.                                                                      ) | Case No. 08-CR-20015 |
| TERRY HART, DIANE SHELTON, and   ) <br> MARK BROWN,                                          ) | |
|                                   **Defendants.**    ) | |

## OPINION

This case is before the court for ruling on the Motions for a Bill of Particulars (#23, #25) filed by Defendants Terry Hart and Diane Shelton. This court has carefully reviewed Defendants' Motions and the Government's thorough and well-supported Response (#26). Following this careful and thorough review, Defendants' Motions (#23, #25) are DENIED.

## ANALYSIS

On March 5, 2008, Defendants and their co-defendant Mark Brown were charged in a 10-page Indictment (#1) with nine counts of mail fraud, in violation of 18 U.S.C. § 1341. The indictment provided a fairly detailed factual account regarding the manner in which these violations occurred.

More than one year later, on May 8, 2009, Defendant Hart filed a Motion for a Bill of Particulars (#23) with an attached Memorandum in Support. The Memorandum did not include any citation to Seventh Circuit authority. On May 11, 2009, Defendant Shelton filed an essentially identical Motion for a Bill of Particulars (#25). On May 28, 2009, the Government filed it Response (#26).

The Government's Response is detailed, thorough, well-written, and includes citations to

pertinent authority. For all of the reasons stated by the Government, this court agrees that Defendants are not entitled to a bill of particulars in this case.

Federal Rule of Criminal Procedure 7(f) provides that the court may direct the Government to file a "bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is "a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). "The choice to grant or deny such a motion is committed to the discretion of the trial court, and a decision denying a bill of particulars will be reversed only if it can be shown that the trial court abused its discretion in doing so." United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003). To determine the necessity of a bill of particulars, a court looks at whether the Government's indictment "sufficiently apprises the defendant of the charges to enable him to prepare for trial." Canino, 949 F.2d at 949; see also Fassnacht, 332 F.3d at 446-47. "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." Fassnacht, 332 F.3d at 446.

In the context of the necessity of a bill of particulars, the Seventh Circuit has stated that a defendant is "only entitled to know the offense with which he is charged, not all the details of how it will be proved." United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997), vacated on other grounds, 526 U.S. 813 (1999). Further, "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses . . . or evidentiary detail." United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); see also United States v. Kendall, 665 F.2d 126, 134-35 (7th Cir. 1981). In addition, a bill of particulars is not required when the information a defendant needs to prepare his defense is available through "some other satisfactory form," such as discovery. United

States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003), quoting Canino, 949 F.2d at 949.

This court concludes that the 10-page Indictment filed in this case is clearly adequate to apprise Defendants of the charges against them so that they can prepare for trial. Moreover, the Government has stated that it has provided discovery to Defendants and has made its case agents available to Defendants to assist, if requested, in their review of the discovery materials. Accordingly, this court agrees with the Government that Defendants' Motions for a Bill of Particulars (#23, #25) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motions for a Bill of Particulars (#23, #25) are DENIED.

(2) This court notes that, on May 11, 2009, Defendant Shelton filed a document entitled "Pre-Trial Disclosure" (#24). However, it was incorrectly filed as a Motion. The clerk is hereby directed to correct the filing to show that the document is not a pending Motion.

(3) This case remains scheduled for a status conference on June 12, 2009, at 4:00 p.m.

ENTERED this 29th day of May, 2009

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE