**E-FILED**
Wednesday, 29 September, 2010 03:24:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TERRY HART, DIANE SHELTON, and ) <br> MARK BROWN, ) <br> ) <br> Defendants. ) | Case No. 08-CR-20015 |

## **OPINION**

This case is before the court for ruling on the Motions in Limine (#58) filed by the Government. This court has carefully reviewed the Government's Motion, and the case law cited, as well as the arguments provided in open court by Defendant, Terry Hart. Following this careful and thorough review, the Government's Motion (#58) is GRANTED.

### BACKGROUND

On March 5, 2008, Defendant, Terry Hart, and his co-defendants Diane Shelton and Mark Brown were charged in a 10-page Indictment (#1) with nine counts of mail fraud, in violation of 18 U.S.C. § 1341. The indictment alleged that Defendant devised and participated in a scheme to defraud Staley Credit Union, Decatur, Illinois, and various real estate buyers and to obtain money and property by means of false pretenses, representations, and promises. The indictment alleged that, in furtherance of this scheme, Defendant devised and participated in as many as 40 or more real estate and financing transactions, totaling as much as $5,000,000 or more and causing a potential loss to the credit union of as much as $1,700,000. Diane Shelton and Mark Brown pleaded guilty to the charges in the indictment. Defendant pleaded not guilty and his jury trial commenced on September 20, 2010.

ANALYSIS

On September 27, 2010, the Government filed a Motion in Limine (#58). The Government stated that, to establish the charged scheme, it has presented the testimony of various real estate buyers, including John Brand. The Government stated that it intends to present the testimony of additional buyers, including Donald Stephens. This court notes that Stephens has testified.

The Government further stated that, in 2007, Stephens filed for bankruptcy in the Central District of Illinois. The Government stated that, during testimony under oath as part of that bankruptcy matter, Defendant made admissions directly relevant to the allegations in the indictment. Specifically, Defendant was questioned concerning his role in assisting Stephens with purchasing a residence that was financed by Staley Credit Union. Defendant admitted, among other things, that he "traded Mr. and Mrs. Stephens [a] house on Wasson Way that [he] didn't own for the house in Cisco[, Illinois] that they did." At his deposition taken in the bankruptcy case, Defendant further denied knowing John and Shannon Brand.

In addition, in 2006, John Brand filed a lawsuit against Defendant, Staley Credit Union, Mark Brown and Diane Shelton in Macon County, Illinois. During a deposition under oath as part of that civil matter, Defendant denied recollection of ever reviewing an appraisal prepared by Brown Appraisal Service. He further denied, among other things, recollection of being a friend of Mark Brown, working with Diane Shelton at Staley Credit Union, and knowing John and Amy Geyston.

The Government argued that Defendant's deposition testimony is admissible under Rule 801(d)(2)(A) of the Federal Rules of Evidence. The Government noted that it does not intend to introduce any portion of the prior testimony where Defendant asserted his right to remain silent under the Fifth Amendment but will only introduce those portions of prior testimony where he chose

2

to voluntarily make statements concerning the subject matter of the indictment in this case. The Government argued that this evidence does not implicate Defendant's constitutional right to remain silent.

The Government provided this court with a copy of the transcript from each deposition it intends to introduce. The deposition in the Brand case was taken on June 19, 2007. Defendant was represented at the deposition by his counsel, Stephen O. Willoughby. At the beginning of the deposition, Attorney Willoughby stated that Defendant "has been advised that he is a person of interest in a Federal investigation in which the Grand Jury is convened." Attorney Willoughby continued that "[w]e have already asserted one time the Fifth Amendment to Postal Inspector, FBI, and we will continue to assert today the Fifth Amendment as to questions which are – when they become germane to the issues of the activities at Staley Credit Union, the Brands and others." During the deposition, Attorney Willoughby directed Defendant not to answer numerous questions based upon his Fifth Amendment rights. Defendant did, however, answer many of the questions asked. The deposition taken during the Stephens bankruptcy proceeding was taken on December 10, 2007. Defendant was represented by Attorney Willoughby and provided answers to all of the questions asked.

During oral argument regarding the Government's Motion, the Government indicated the portions of the depositions it intends to introduce. These portions did not include any questions Defendant refused to answer based upon the Fifth Amendment and did not include the discussion regarding a settlement in the Brand case.

Rule 801(d)(2)(A) provides that a "statement is not hearsay" if the "statement is offered against a party and is . . . the party's own statement." Fed. R. Evid. 801(d)(2)(A); see also United

3

States v. Reed, 227 F.3d 763, 769 (7th Cir. 2000). Under this Rule, statements are admissible when they are made by one party, but offered as evidence by the opposing party. See Reed, 227 F.3d at 770. To be admissible "statements need neither be incriminating, inculpatory, against interest, nor otherwise inherently damaging to the declarant's case." Reed, 227 F.3d at 770, citing United States v. McGee, 189 F.3d 626, 631-32 (7th Cir. 1999).

In Reed, the defendant was charged with bank robbery and testified at his first trial, which ended in a mistrial. When he was retried six months later, the defendant decided not to testify a second time. The district court admitted the defendant's entire testimony from the first trial as an admission by a party opponent under Rule 801(d)(2)(A). Reed, 227 F.3d at 766. The defendant challenged this decision on appeal and the Seventh Circuit reviewed the decision for plain error. The Seventh Circuit determined that the district court properly allowed the Government to read into evidence the entire transcript of the defendant's testimony from the first trial. Reed, 227 F.3d at 769-70. The Court stated that the defendant "was not unduly prejudiced by the reading of his former testimony, and the district judge did not commit plain error." Reed, 227 F.3d at 770.

The Seventh Circuit reached a similar conclusion in United States v. McClellan, 868 F.2d 210 (7th Cir. 1989). In McClellan, the defendant was charged with bankruptcy fraud, mail fraud and making false statements to a federally insured bank. At trial, the defendant's prior testimony in the bankruptcy proceeding was admitted into evidence. The Seventh Circuit noted that this evidence was properly admitted under Rule 801(d)(2). McClellan, 868 F.2d at 215.

The Government is correct that admitting the prior deposition testimony does not implicate the Fifth Amendment. In McClellan, the defendant argued that his prior testimony should not have been admitted against him, apparently arguing that the admission of this testimony violated his Fifth

4

Amendment rights. The Seventh Circuit disagreed and concluded that the evidence was properly admitted because the defendant "retained his right against self-incrimination throughout the bankruptcy proceeding." McClellan, 868 F.2d at 215.

In United States v. Jenkins, 785 F.2d 1387 (9th Cir. 1986), the defendant was charged with making false statements to obtain loans insured by the Federal Housing Administration (FHA) and conspiring to defraud the government by making such statements. At trial, the district court admitted deposition testimony that the defendant gave in a civil action arising out of the same facts. The defendant argued that the use of the deposition testimony violated his Fifth Amendment privilege against self-incrimination. Jenkins, 785 F.2d at 1392-93. The Ninth Circuit stated:

> This claim is frivolous. The fifth amendment privilege is not ordinarily self-executing and must be affirmatively claimed by a person whenever self-incrimination is threatened. *Minnesota v. Murphy,* 465 U.S. 420, 429 (1984). An individual may lose the benefit of the privilege inadvertently, without a knowing and intelligent waiver. *Garner v. United States*, 424 U.S. 648, 654 n.9 (1976). [The defendant] did so when he gave his deposition.

Jenkins, 785 F.2d at 1393. The Ninth Circuit also rejected the defendant's argument that his deposition testimony was not voluntary because he was compelled by a subpoena to appear for the deposition. The Ninth Circuit stated:

> In *Murphy*, the Supreme Court made clear that an obligation to appear and testify truthfully does not constitute compulsion to give incriminating testimony. The privilege may still be asserted at the

5

proceeding and must be to avoid waiver of the privilege.

Jenkins, 785 F.2d at 1393, citing Murphy, 465 U.S. at 427-28. The Ninth Circuit concluded that, because the defendant's statements at the deposition were voluntary, "they were clearly admissible against him as party admissions under Federal Rule of Evidence 801(d)(2)(A)." Jenkins, 785 F.2d at 1393.

In this case, it is clear that Defendant was well aware of his rights under the Fifth Amendment and answered questions anyway. Defendant's statements at the depositions were voluntary and are clearly admissible under Rule 801(d)(2)(A). However, even though the evidence is admissible under Rule 801(d)(2)(A), the court must determine whether the evidence is relevant and not unduly prejudicial. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Because the Defendant's testimony in the depositions directly relates to the charges against him, the court finds that the evidence is relevant. The Federal Rules of Evidence also provide that, although relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. After careful consideration, the court finds that, because the evidence at issue consists of Defendant's own statements, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Based upon the applicable case law, and the court's findings, the Government will be allowed to read the indicated portions of the transcripts of Defendant's depositions to the jury. These portions do not include the reading of any questions and answers where Defendant asserted his right to remain silent under the Fifth Amendment. These portions also do not include any

mention of the settlement of the civil matter. With those caveats, the Government's Motion in Limine (#58) is GRANTED.

IT IS THEREFORE ORDERED THAT the Government's Motion in Limine (#58) is GRANTED.

ENTERED this 29th day of September, 2010

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE